IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-01805-MSK

CARL L. WILLIAMS, and
JESSICA A. WILLIAMS,

    Plaintiffs,

v.

BAC HOME LOANS SERVICING,

    Defendant.

---

## ORDER DENYING, IN PART, MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

---

**THIS MATTER** comes before the Court on the Plaintiffs' Petition for Restraining Order **(#2)** and accompanying brief **(#3)** and the Plaintiffs' Petition for Temporary Injunction **(#4)**, and the Plaintiffs' Statement **(#5)**.

Based on a liberal construction of that pleading, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991), the Court ascertains that the Plaintiffs are the borrower and the Defendant is the lender on a residential mortgage. The Plaintiffs allege, among other things, fraudulent inducement into the loan agreement, that the lien is void, conspiracy, and violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.* and violations of the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* They seek a variety of remedies, including, among other things, an emergency restraining order enjoining lender from foreclosing on the property, "rescission of the loan contract," to

quiet title to the property, actual monetary damages in the amount of $762,604.86, and damages for pain and suffering.

The Plaintiffs seem to have confused the concepts of a temporary restraining order and a preliminary injunction. However, because they are proceeding *pro se*, the Court deems both motions to each be requesting a temporary restraining order and a preliminary injunction.

To obtain a temporary restraining order under Fed. R. Civ. P. 65(b)(1)(a), a plaintiff must show, via affidavit: (i) that he will suffer immediate and irreparable injury before the defendant can be heard in opposition; and (ii) the efforts he has made to give notice of the request to the opposing party, or to show why notice should be excused.

To obtain a preliminary injunction under Fed. R. Civ. P. 65(a), a plaintiff must show: (i) a likelihood of success on the merits; (ii) irreparable harm that will result if the injunction is denied; (iii) that the threatened injury outweighs the harm that would result to the opposing party if the motion were granted (*i.e.* that the "balance of the equities" favors the movant); and (iv) that the injunction will not adversely affect the public interest. *Wilderness Workshop v. U.S. Bureau of Land Mgt.*, 531 F.3d 1220, 1224 (10th Cir. 2008).

The Court may require a party seeking a temporary restraining order or preliminary injunction to post a bond or otherwise give security "in an amount the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

Turning first to the Plaintiffs' request for a temporary restraining order, the Court finds the request deficient for several reasons. First, the request is not supported by an affidavit as required by Fed. R. Civ. P. 65(b)(1)(A). The Plaintiffs have submitted a "statement" **(#5)** in

support of their request, but such statement is neither a sworn affidavit nor an unsworn declaration made under penalty of perjury. *See* 28 U.S.C. § 1746. Although the Court construes the Plaintiffs' *pro se* pleadings liberally, *pro se* status does not excuse them from the obligation to comply with substantive law and procedural rules, and the failure of the Plaintiffs to submit a document that could be given legal effect as an affidavit is fatal to their request for a temporary restraining order under Rule 65(b)(1)(A).

Moreover, even if the Court were to overlook the absence of an affidavit, it is apparent that the Plaintiffs have failed to make both of the substantive showings required to obtain a temporary restraining order. They have failed to show a threat of irreparable harm that is likely to occur before the Defendant could be heard in response to a motion for injunctive relief. Although the Plaintiffs state that the Defendant "has made it known to the Plaintiff[s] that a sale is imminent" and that they will be irreparably harmed in the absence of temporary relief, there are no specific factual allegations as to the commencement of foreclosure proceedings nor the date on which the foreclosure sale, if any, is scheduled. Accordingly, the Plaintiffs have not demonstrated, as opposed to merely asserting conclusory allegations, that they will be irreparably harmed before the Defendant can be heard in opposition. Accordingly, the Plaintiffs have failed to carry their burden of showing an imminent injury under Fed. R. Civ. P. 65(b)(1)(A). In addition, they have failed to make any showing under Fed. R. Civ. P. 65(b)(1)(B) as to the attempts they made to give notice to the Defendant of this proceeding and their request for emergency injunctive relief, nor have they shown circumstances suggesting that such notice should be excused. Accordingly, because they has failed to make any of the showings required by Fed. R. Civ. P. 65(b), the motions, to the extent they seek a temporary

restraining order are **DENIED**. To the extent the motions seek a preliminary injunction, however, a determination at this junction is not appropriate because a preliminary injunction requires notice to the adverse party and an evidentiary showing. *See* Fed. R. Civ. P. 65(a). Therefore, a non-evidentiary hearing is scheduled for Thursday, August 19, 2010 at 9:00 a.m. to address this action and scheduling an evidentiary hearing on the motions for preliminary injunction.

       **IT IS THEREFORE ORDERED** THAT

(1) The Plaintiffs' motions for a temporary restraining order and for a preliminary injunction **(# 2, 4)** are **DENIED** insofar as they seek a temporary restraining order but **remain pending** to the extent they seek a preliminary injunction.

(2) The Plaintiffs are directed to serve a copy of the complaint, the motions and accompanying documents including the brief and statement, and a copy of this Order on the Defendant no later than **Friday, August 6, 2010.**

(3) A Rule 16 Hearing is scheduled for **9:00 a.m.** on **Thursday, August 19, 2010.**

Dated this 30th day of July, 2010

                                    **BY THE COURT:**

                                    *Marcia S. Krieger*
                                    _____

                                    Marcia S. Krieger
                                    United States District Judge