10-cv-01805-MSK-CBS

## CERTIFICATE OF SERVICE

I, Carl L. Williams, do swear and affirm that I have served a signed copy of this Notice of Hearing to any and all defendants by way of U.S.P.S. ~~Certified~~ mail # 4 EG 361207 165 US and return receipt.  Express  EH 270 168 652 US

*[signature]*

Carl L. Williams
2364 Xanthia Way
Denver, CO 80238

The Person above, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to this document and acknowledged to me that he/she executed the same in his authorized capacity and that by his signature on this instrument who is the person who executed this instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Colorado that the foregoing paragraph is true and correct.

Witness my hand and official seal.

*[signature]*

NOTARY PUBLIC IN AND FOR
THE STATE OF COLORADO

JOE E WILLIAMS
Notary Public
State of Colorado

Notary Seal

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 6 2010

GREGORY C. LANGHAM
CLERK

**Label 1 (EH 270168652 US)**

- PO ZIP Code: 80217
- Date Accepted: 8/5/10
- Time Accepted: 4:53 PM
- lbs. 3 ozs.
- Day of Delivery: Next
- Scheduled Date of Delivery: 8/6
- Postage: $13.65
- Return Receipt Fee: $2.30
- Total Postage & Fees: $15.95
- Acceptance Emp. Initials: [initials]

FROM: CARL L. WILLIAMS
PHONE (303) 399-5531
2364 XANTHIA WAY
DENVER, CO 80238

TO: CASTLE, MEINHOLD & STAWIARSKI LLC
DENVER PLACE TOWER
999 EIGHTEENTH ST SUITE 2201
DENVER, CO 80202
ZIP+4: 80202

**Label 2 (EG 361207165 US)**

- PO ZIP Code: 80217
- Date Accepted: 8/5/10
- Time Accepted: 9:45 PM
- Day of Delivery: Next
- Scheduled Date of Delivery: 8/6/10
- Postage: $13.65
- Total Postage & Fees: $13.65
- Acceptance Emp. Initials: EM

FROM: CARL L. WILLIAMS
PHONE (303) 399-5531
2364 XANTHIA WAY
Denver, CO 80238

TO: MARI HANCOCK
BENNINGTON & JOHNSON
370 17TH ST
DENVER, CO 80202
ZIP+4: 80202

## Orders on Motions

1:10-cv-01805-MSK Williams et al v. BAC Home Loans Servicing

## U.S. District Court

## District of Colorado

### Notice of Electronic Filing

The following transaction was entered on 7/30/2010 at 5:42 PM MDT and filed on 7/30/2010
**Case Name:** Williams et al v. BAC Home Loans Servicing
**Case Number:** 1:10-cv-01805-MSK
**Filer:**
**Document Number:** 6

**Docket Text:**
ORDER DENYING, IN PART, MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION: (1) The Plaintiffs' [4] Motion for Preliminary Injunction and [2] Motion for TRO are DENIED insofar as they seek a temporary restraining order but remain pending to the extent they seek a preliminary injunction. (2) The Plaintiffs are directed to serve a copy of the complaint, the motions and accompanying documents including the brief and statement, and a copy of this Order on the Defendant no later than Friday, August 6, 2010.(3) A Rule 16 Hearing is scheduled for 8/19/2010 at 09:00 AM in Courtroom A 901 before Judge Marcia S. Krieger. Judge Marcia S. Krieger on 7/30/10. (msksec, )


**1:10-cv-01805-MSK Notice has been electronically mailed to:**

**1:10-cv-01805-MSK Notice has been mailed by the filer to:**

Carl L. Williams
2364 Xanthia Way
Denver, CO 80238

Jessica A. Williams
2364 Xanthia Way
Denver, CO 80238

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1071006659 [Date=7/30/2010] [FileNumber=2582713-0
] [026ebf022504853bb82697d1d9684d2c30a3a03a1d7657e6d5f97747a7cd225b16c
ab3fccbf2d1968068e2be5318ef6dc83aab6da8a0c844385dcfe3c45fae36]]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-01805-MSK

CARL L. WILLIAMS, and
JESSICA A. WILLIAMS,

      Plaintiffs,

v.

BAC HOME LOANS SERVICING,

      Defendant.

---

## ORDER DENYING, IN PART, MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

---

**THIS MATTER** comes before the Court on the Plaintiffs' Petition for Restraining Order (#2) and accompanying brief (#3) and the Plaintiffs' Petition for Temporary Injunction (#4), and the Plaintiffs' Statement (#5).

Based on a liberal construction of that pleading, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991), the Court ascertains that the Plaintiffs are the borrower and the Defendant is the lender on a residential mortgage. The Plaintiffs allege, among other things, fraudulent inducement into the loan agreement, that the lien is void, conspiracy, and violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.* and violations of the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* They seek a variety of remedies, including, among other things, an emergency restraining order enjoining lender from foreclosing on the property, "rescission of the loan contract," to

quiet title to the property, actual monetary damages in the amount of $762,604.86, and damages for pain and suffering.

The Plaintiffs seem to have confused the concepts of a temporary restraining order and a preliminary injunction. However, because they are proceeding *pro se*, the Court deems both motions to each be requesting a temporary restraining order and a preliminary injunction.

To obtain a temporary restraining order under Fed. R. Civ. P. 65(b)(1)(a), a plaintiff must show, via affidavit: (i) that he will suffer immediate and irreparable injury before the defendant can be heard in opposition; and (ii) the efforts he has made to give notice of the request to the opposing party, or to show why notice should be excused.

To obtain a preliminary injunction under Fed. R. Civ. P. 65(a), a plaintiff must show: (i) a likelihood of success on the merits; (ii) irreparable harm that will result if the injunction is denied; (iii) that the threatened injury outweighs the harm that would result to the opposing party if the motion were granted (*i.e.* that the "balance of the equities" favors the movant); and (iv) that the injunction will not adversely affect the public interest. *Wilderness Workshop v. U.S. Bureau of Land Mgt.*, 531 F.3d 1220, 1224 (10th Cir. 2008).

The Court may require a party seeking a temporary restraining order or preliminary injunction to post a bond or otherwise give security "in an amount the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

Turning first to the Plaintiffs' request for a temporary restraining order, the Court finds the request deficient for several reasons. First, the request is not supported by an affidavit as required by Fed. R. Civ. P. 65(b)(1)(A). The Plaintiffs have submitted a "statement" (#5) in

2

support of their request, but such statement is neither a sworn affidavit nor an unsworn declaration made under penalty of perjury. *See* 28 U.S.C. § 1746. Although the Court construes the Plaintiffs' *pro se* pleadings liberally, *pro se* status does not excuse them from the obligation to comply with substantive law and procedural rules, and the failure of the Plaintiffs to submit a document that could be given legal effect as an affidavit is fatal to their request for a temporary restraining order under Rule 65(b)(1)(A).

Moreover, even if the Court were to overlook the absence of an affidavit, it is apparent that the Plaintiffs have failed to make both of the substantive showings required to obtain a temporary restraining order. They have failed to show a threat of irreparable harm that is likely to occur before the Defendant could be heard in response to a motion for injunctive relief. Although the Plaintiffs state that the Defendant "has made it known to the Plaintiff[s] that a sale is imminent" and that they will be irreparably harmed in the absence of temporary relief, there are no specific factual allegations as to the commencement of foreclosure proceedings nor the date on which the foreclosure sale, if any, is scheduled. Accordingly, the Plaintiffs have not demonstrated, as opposed to merely asserting conclusory allegations, that they will be irreparably harmed before the Defendant can be heard in opposition. Accordingly, the Plaintiffs have failed to carry their burden of showing an imminent injury under Fed. R. Civ. P. 65(b)(1)(A). In addition, they have failed to make any showing under Fed. R. Civ. P. 65(b)(1)(B) as to the attempts they made to give notice to the Defendant of this proceeding and their request for emergency injunctive relief, nor have they shown circumstances suggesting that such notice should be excused. Accordingly, because they has failed to make any of the showings required by Fed. R. Civ. P. 65(b), the motions, to the extent they seek a temporary

restraining order are **DENIED**. To the extent the motions seek a preliminary injunction, however, a determination at this junction is not appropriate because a preliminary injunction requires notice to the adverse party and an evidentiary showing. *See* Fed. R. Civ. P. 65(a). Therefore, a non-evidentiary hearing is scheduled for Thursday, August 19, 2010 at 9:00 a.m. to address this action and scheduling an evidentiary hearing on the motions for preliminary injunction.

**IT IS THEREFORE ORDERED** THAT

(1) The Plaintiffs' motions for a temporary restraining order and for a preliminary injunction (# **2, 4**) are **DENIED** insofar as they seek a temporary restraining order but **remain pending** to the extent they seek a preliminary injunction.

(2) The Plaintiffs are directed to serve a copy of the complaint, the motions and accompanying documents including the brief and statement, and a copy of this Order on the Defendant no later than **Friday, August 6, 2010.**

(3) A Rule 16 Hearing is scheduled for **9:00 a.m.** on **Thursday, August 19, 2010.**

Dated this 30th day of July, 2010

BY THE COURT:

_Marcia A. Krieger_

Marcia S. Krieger
United States District Judge

4