**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-CV-01805-MSK-CBS

CARL L. and JESSICA A. WILLIAMS,

    Plaintiffs,

v.

BAC HOME LOANS SERVICING, LP,

    Defendant.

---

**DEFENDANT'S MOTION TO DISMISS THE COMPLAINT
PURSUANT TO FED.R.CIV.P. 12(b)(6)**

---

    Defendant BAC Home Loans Servicing, LP ("BAC") respectfully submits this Motion to Dismiss the Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion"). The arguments, discussion, and authorities in support of the Motion are contained in a brief filed contemporaneously herewith.

<u>D.C.COLO.LCivR 7.1(A) Certification</u>

    Given the nature of the relief sought herein, undersigned counsel is not required to confer with the *pro se* Plaintiffs prior to filing this motion under Fed.R.Civ.P. 12(b)(6). D.C.COLO.LCivR 7.1(A). This is particularly true when, as here, the pleading deficiencies cannot be cured by amendment of the complaint. Nevertheless, undersigned attempted to confer with Plaintiffs prior to filing this Motion through an email account that Mr. Williams has used to communicate with BAC's counsel in this case. The communication was not returned by either of the Plaintiffs, and the undersigned can only assume that the Plaintiffs oppose the relief sought through the Motion.

## STANDARD OF REVIEW

In *Bell Atlantic Corp v. Twombly*, the Supreme Court held that a plaintiff's complaint must contain "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007). Although the court must accept all well-pleaded facts as true, the "burden [remains] on the plaintiff to frame a 'complaint with enough factual matter to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "[A] plaintiff must 'nudge [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss." *The Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Ashcroft*, 129 S. Ct. at 1949).

Further, in resolving this Motion, documents that are referred to in the Complaint and are central to the Plaintiffs' claims, such the Deed of Trust, may be considered by the Court without converting the motion to a motion for summary judgment under Rule 56. *See Praeger v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir. 1999).

## SUMMARY OF ARGUMENT

The Complaint should be dismissed with prejudice for failing to state a claim upon which relief can be granted for the following reasons:

1. Since the causes of action are property of the bankruptcy estate, Plaintiff Carl L. Williams is not a real party in interest under Fed. R. Civ. P. 17(a) and therefore lacks standing to prosecute the Causes of Action;

2. The causes are time barred because they all accrued when the residential loan closed on October 27, 2006, none of the applicable statutes of limitation extend beyond three years, and the lawsuit was not filed until July 30, 2010;

3. The doctrine of equitable tolling does not apply in this case;

4. Plaintiffs claims for negligence, negligence per se, fraud, intentional infliction of emotional distress, unjust enrichment, and criminal conspiracy are barred by operation of the credit agreement statute of frauds;

5. There is no private cause of action for Plaintiffs' claims under sections 2603 and 2604 of RESPA;

6. The Complaint fails to state a plausible claim for relief under Section 2605 of RESPA, because all of the Plaintiffs' allegations relate to actions taken prior to and during the closing on October 27, 2006, and not to servicing it;

7. There is no private cause of action for Plaintiffs' rescission claim;

8. Plaintiffs' claim seeking to quiet title to the Property, along with their claim for declaratory relief seeking to identify the holder of the promissory note and whether the power of sale contained in the deed of trust is enforceable, are illogical and fail to state plausible claims for relief; and

9. The tort claims for negligence, negligence per se, and intentional infliction of emotional distress should be dismissed because they arise out of, and are not independent of, the duties and requirements encompassed in the loan documents.

Supporting authority and discussion relating to the above arguments are contained in BAC's brief in support of the Motion, filed contemporaneously with the Motion.

## **CONCLUSION**

The Williams' Complaint fails to state any plausible claim for which relief can be granted. Therefore, and consistent with the authorities and discussion contained in the brief in support of the Motion, BAC respectfully requests that the Court grant its Motion and dismiss the

Plaintiffs' Complaint with prejudice pursuant to Fed.R.Civ.P. 12(b)(6), and awarding it such other further relief as the Court deems necessary.

Dated:  October 5, 2010.

Respectfully submitted,

*s/ Sean M. Hanlon*
J. Kevin Bridston
Sean M. Hanlon
HOLLAND & HART $_{LLP}$
555 Seventeenth Street, Suite 3200
Denver, CO  80202
Telephone:  (303) 295-8000
Fax:  (303) 295-8261
kbridston@hollandhart.com
smhanlon@hollandhart.com

**ATTORNEYS FOR DEFENDANT**

5

## CERTIFICATE OF SERVICE

I certify that on October 5, 2010, I caused to be served a copy of the foregoing document to the following by:

☒ U.S. Mail, postage prepaid
☐ Hand Delivery
☐ Fax
☐ Electronic Service by LexisNexis File & Serve

Carl L. and Jessica A. Williams
2364 Xanthia Way
Denver, CO 80238

*s/ Sean M. Hanlon*
Sean M .Hanlon

4928319_1.DOC